**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIEGO FERNANDO MEJIA, | : | |
| | : | Civil Action No. 11-0937(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MR. ORTIZ, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Diego Fernando Mejia
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
     Plaintiff pro se

**HILLMAN,** District Judge

     Plaintiff Diego Fernando Mejia, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action in forma pauperis pursuant to pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of his constitutional rights.[1]

---

[1] This matter previously was administratively terminated based on Plaintiff's submission of deficient applications for leave to proceed in forma pauperis.  Plaintiff has submitted a new IFP application which reflects that he is entitled to proceed in

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he has a long history of working for the Federal Prison Industries, also known as "UNICOR." According to Plaintiff, he and a group of other UNICOR inmate workers were placed on a 30-day non-work status, allegedly for lack of work, after which they were called to attend a meeting at which the UNICOR factory manager Mr. Ortiz requested that

---

forma pauperis.  Based on his new application and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will direct the Clerk of the Court to re-open this matter, will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and will order the Clerk of the Court to file the Complaint.

they all voluntarily resign from their UNICOR jobs.  Plaintiff contends that Mr. Ortiz planned to reduce his expenses by re-hiring these same workers at a lower pay grade, with loss of longevity pay and vacation pay benefits.  When Plaintiff and other workers refused to voluntarily resign, they were all terminated from their UNICOR employment.  Plaintiff argues that this termination violated Bureau of Prisons policies and his due process rights.

Plaintiff alleges that UNICOR supervisor Mr. Dalessandro has previously subjected prison workers to lay-offs, replacing them with lower-cost workers, in this same fashion in order to reduce expenses.

Finally, Plaintiff states that his performance evaluations reflect that he has done an excellent job while employed at UNICOR,[2] and that he was terminated because he is Hispanic.

Petitioner names as defendants UNICOR factory manager Mr. Ortiz, Assistant factory manager Ms. Long, UNICOR Supervisor Mr. Dalessandro, and other unknown UNICOR-FCI Fort Dix staff.  He seeks restoration to his UNICOR job and back pay since his termination date of July 12, 2010.

---

[2] Plaintiff states that the defendants have failed to maintain complete and accurate performance evaluation records, allegedly in violation of the Privacy Act, 5 U.S.C. § 552a(e)(5), but that the records that are available reflect his excellent work history and performance.

3

II. <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted). That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). The determination whether the factual allegations plausibly give rise to an entitlement to

4

relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).  Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F.App'x 118, 120 n.2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   Bivens v. Six Unknown Agents

5

In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979).

## IV.   <u>ANALYSIS</u>

It is well established that an inmate has no liberty or property interest in a particular prison job, or any prison job. <u>See</u> <u>James v. Quinlan</u>, 866 F.2d 627, 629-30 (3d Cir.), <u>cert. denied</u>, 493 U.S. 870 (1989); <u>Bryan v. Werner</u>, 516 F.2d 233, 240 (3d Cir. 1975).  While federal law does provide for discretionary compensation for inmates assigned to work in an industrial operation such as UNICOR, <u>see</u> 18 U.S.C. 4126(c), neither § 4126 nor any regulatory scheme developed under it creates a liberty or property interest on the part of federal inmates, <u>see</u>, <u>e.g.</u>, <u>Huff v. Outlaw</u>, Civil No. 09-0520, 2010 WL 1433466, *8 (D.S.C. March 8, 2010) (collecting cases), <u>report and recommendation adopted</u>, 2010 WL 1433470 (D.S.C. April 8, 2010).  Indeed, there is no constitutional requirement that a prisoner receive any pay for working at a prison job.  <u>Jones v.</u>

USA, Civil No. 09-0033, 2009 WL 5083401, *4 (W.D. La. Dec. 23, 2009), appeal dismissed as frivolous, 412 F.App'x 690 (5th Cir. Feb. 16, 2011); Northrop v. Federal Bureau of Prisons, Civil No. 08-0746, 2008 WL 5047792, *8-*10 (M.D. Pa. Nov. 24, 2008) (collecting cases).  Cf. Talkowski v. Lane, Civil No. 89-6338, 1990 WL 60706, *2 (N.D. Ill. April 20, 1990) ("By its terms the Thirteenth Amendment allows involuntary servitude as a punishment for persons convicted of a crime, like [the Plaintiff].  Prison officials thus may compel inmates to work -- even for no pay -- without running afoul of the Thirteenth Amendment.").  Accordingly, Plaintiff has failed to state a due process claim arising out of the termination of his prison employment and related compensation.

Nor has Plaintiff stated a claim for an equal protection violation in connection with the termination of his prison job. Although the Fifth Amendment by its own terms does not reference equal protection, the Supreme Court has interpreted it to include an equal protection element, Bolling v. Sharpe, 347 U.S. 497, 499 (1954), that the Supreme Court has analyzed identically to the Equal Protection Clause of the Fourteenth Amendment, Buckley v. Valeo, 424 U.S. 1, 93 (1976).  See U.S. v. Lopez, 650 F.3d 952, 961 n.8 (3d Cir. 2011) (citing Bolling and Buckley).  The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person

7

within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)); Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1267 (3d Cir. 1996).

Here, Plaintiff first states that the defendants engineered a mass termination of inmate workers in order to reduce costs, then counters that he, individually, was wrongfully terminated because he is Hispanic.  Plaintiff cannot have it both ways.  If all of the inmate employees who refused to voluntarily resign were terminated as a cost-cutting measure, Plaintiff was not treated differently on the grounds of his ethnicity.  Not only has Plaintiff failed to state an equal protection claim, but his factual allegations belie any suggestion of discrimination.  Cf. Al-Shahin v. U.S. Dept. of Homeland Security, Civil No. 06-5261, 2007 WL 2985553, *11 (D.N.J. Oct. 4, 2007) (dismissing generalized allegation of equal protection violation asserted by alien detainee challenging conditions of confinement), cited in Mebuin v. U.S., Civil No. 13-0443, 2013 WL 4012449 (D.N.J. Aug. 5, 2013) (same).

## V.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C.

8

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.  It does not appear that Plaintiff could cure the deficiencies of his Complaint by amendment.

An appropriate order follows.


At Camden, New Jersey                     s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated:  June 23, 2014

Case 1:11-cv-00937-NLH-KMW   Document 7   Filed 06/23/14   Page 9 of 9 PageID: 74